## Weil Bros. & Co. *v.* M. Cohn, Appellant.

*Evidence—Fraud—Conspiracy.*

In questions of fraud in consequence of a conspiracy, the declarations of any of the parties to the alleged conspiracy in the consummation of the common purposes are admissible.

*Fraud—Conspiracy—Charge of court.*

The issue being as to the existence of a fraudulent conspiracy the jury is properly instructed to the effect that: A conspiracy to defraud may be effected by the giving of a written obligation even though the original obligor was not a party to the conspiracy. That is to say, an obligation may be given in good faith by the obligor and a conspiracy entered into to use this obligation for a wrongful purpose.

*Conspiracy—Effect of cumulative evidence.*

The issue being one of alleged conspiracy to defraud, the question is properly left to the jury when the aggregate effect of the testimony is strong enough to carry the question to the jury although each of the statements of testimony taken by itself is slight and falls far short of establishing such conspiracy.

Argued Feb. 10, 1897. Appeal, No. 8, Feb. T., 1897, by defendant, from judgment of C. P. Clearfield Co., Feb. T., 1895, No. 187, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Feigned issue to test validity of judgment.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* raised substantially two leading questions: First, whether the acts and declarations of one or more alleged conspirators are admissible as evidence against another alleged conspirator without some substantial evidence of the existence of the conspiracy having been first offered. Second, that there was not sufficient evidence to connect the defendant, M. Cohn, with any conspiracy whatever and that, taken together, the case presented by the plaintiff was entirely insufficient to wipe out and destroy a solemn judgment in a court of record.

*A. L. Cole* and *S. V. Wilson,* for appellant.—It is not enough to charge fraud and prove in support thereof, slight circumstances of suspicion only, to be of any avail it must be clearly proved: Morton v. Weaver, 99 Pa. 47; Jones v. Lewis, 148 Pa. 234; Loeffler v. Schmertz, 152 Pa. 615; Kitchen v. McCloskey, 150 Pa. 376; Tisch v. Utz, 142 Pa. 186.

While it is true that evidence of collusion need not be conclusive it must do more than raise a suspicion, it must lead to a belief: Lowe v. Dalrymple, 117 Pa. 564; Mead v. Conroe, 113 Pa. 220; Bank v. Tinker, 158 Pa. 17.

There was no evidence in this case to show that defendant, M. Cohn, was a party to a fraudulent combination: Mead v. Conroe, 113 Pa. 220.

Such acts and declarations as were admitted in evidence in this case were totally irrelevant: Bell v. Throop, 140 Pa. 641.

A judgment creditor cannot lose his honest judgment against this debtor because he advises his debtor to cheat another creditor: Fidler v. John, 178 Pa. 112; Miller v. McAlister, 178 Pa. 140.

*J. C. Horton,* with him *W. C. Arnold,* for appellee.—In questions of fraud the door is wide open, and as a part of the res gestæ, the declarations of either of the conspirators are admissible: Heath v. Page, 63 Pa. 108; Kinzer v. Mitchell, 8 Pa. 64; Price v. Junkin, 4 Watts, 85.

The least degree of concert of action or collusion between parties to an illegal transaction makes the acts of one, the acts of all, and the acts and declarations of one may be given in evidence to effect the others: Gibbs v. Neely, 7 Watts, 305; Jackson v. Summerville, 13 Pa. 359; Reitenbach v. Reitenbach, 1 R. 362; Wilbur v. Stickland, 1 R. 458; McCaskey v. Graff, 23 Pa. 321; Deakers v. Temple, 41 Pa. 234.

In Young v. Edwards, 72 Pa. 257, WILLIAMS, J, says: "In civil cases the jury determine cases according to the weight of evidence, and not by the sufficiency to produce convictions of absolute certainty of the conclusions arrived at." All questions of fraud in fact, and fraudulent intent are for the jury: Vallance v. Ins. Co., 42 Pa. 441; Barr v. Boyles, 96 Pa. 31; Craver v. Miller, 65 Pa. 456; Ehrisman v. Roberts, 68 Pa. 308. "Act-

ual collusion or fraud in fact is always for the jury: " Loucheim Bros. v. Henszey, Admr., 77 Pa. 305.

When evidence has been given, tending to establish a combination to defraud creditors, the declarations of either party, though not made in the presence of the other are evidence : McKee v. Gilchrist, 3 Watts, 230; Price v. Junkin, 4 Watts, 85 ; Gibbs v. Neely, 7 Watts, 305 ; Jackson v. Summerville, 13 Pa. 359; McCaskey v. Graff, 23 Pa. 321; Kelsey v. Murphy, 26 Pa. 78; Peterson v. Speer, 29 Pa. 478; Deakers v. Temple, 41 Pa. 234; Brown v. Parkinson, 56 Pa. 336; Confer v. McNeal, 74 Pa. 112; Burns v. McCabe, 72 Pa. 309.

But slight evidence of collusion is necessary to render the admissions of one of two conspirators admissible against the other: McDowell v. Rissell, 37 Pa. 164; Scott v. Baker, 37 Pa. 330.

OPINION BY REEDER, J., April 12, 1897:

H. Cohn was the owner of a stock of goods in the borough of Dubois. N. B. Bloom was induced to purchase the business together with the stock of goods of H. Cohn for $700 cash and notes aggregating $4,000 indorsed by M. Cohn. To secure M. Cohn for his indorsements a judgment note was given by N. B. Bloom to M. Cohn for $4,000 which was entered of record and subsequently execution was issued upon the above judgment and the stock of goods of Bloom sold by him. The plaintiffs who were judgment creditors of N. B. Bloom filed a petition asking for a feigned issue to try the validity of the judgment given to M. Cohn, alleging that the giving of this judgment was in consequence of a conspiracy to defraud the creditors of Bloom, to which conspiracy M. Cohn was a party. The issue was granted, and upon the trial the jury rendered a verdict for the plaintiff. The only question necessary for consideration at any length by us is whether there was sufficient evidence of a fraudulent conspiracy between M. Cohn, H. Cohn and L. G. Dietz to justify the court in submitting that question to the jury. L. G. Dietz conducted the clothing store of H. Cohn as manager. He was the brother-in-law of Bloom. H. Cohn desired Dietz to purchase the store and stock of goods. Not having the money he induced Bloom to come from somewhere in the state of New Jersey with the view of purchasing. Bloom agreed to

purchase the store and goods and gave H. Cohn twenty-four notes of $166.67 each, aggregating in amount $4,000 which were indorsed by M. Cohn and this judgment note to M. Cohn as collateral security for his indorsements. They agreed to pay M. Cohn $200 for making these indorsements. The plaintiff claims that the sale of goods from H. Cohn to Bloom was the result of a conspiracy to defraud the future creditors of Bloom, by securing credit to Bloom so that he could purchase a large stock of goods, and when these were accumulated to seize them upon execution issued upon the judgment given to M. Cohn and thus cheat and defraud those who sold him goods. As an evidence of fraud the plaintiff offered testimony showing that M. Cohn did not indorse all of the notes; that those he did indorse were irregularly indorsed so that there is doubt about his liability; that immediately after the notes were indorsed he declared that H. Cohn had so arranged it that he would not be responsible at all and that he was paid $200 for his trouble; to others he admitted that he was only liable for a portion of the $4,000; that before this judgment of $4,000 was entered Bloom was urged by H. Cohn and L. G. Dietz to purchase a large stock of goods and to give statements, which he did, that the entire amount of his indebtedness did not exceed $1,500; that when the goods were sold by the sheriff, M. Cohn, the plaintiff in the execution upon which they were sold wanted them sold in a lump which the sheriff refused to do; that at the sheriff's sale M. Cohn and H. Cohn purchased the major portion of the stock which was piled indiscriminately in one pile; they were assisted by L. G. Dietz; that at the time of sale Dietz attempted to take goods not yet sold and put them upon the pile of M. and H. Cohn; after the sale M. Cohn took possession of all the goods purchased by him and H. Cohn. Either of these statements of testimony taken by itself is slight and would come far short of establishing a conspiracy to defraud, but taken together they are strong enough to carry the question to the jury and therefore there was no error committed by the court below in its submission. What we have just said indicates that we consider the testimony received by the court as admissible, and therefore the first six assignments of error are overruled.

In questions of fraud in consequence of a conspiracy the declarations of either of the parties to the conspiracy in the con-

summation of the common purpose are admissible: Price v. Junkin, 4 Watts, 85; Jackson v. Summerville, 13 Pa. 359; McCaskey v. Graff, 23 Pa. 321: McDowell v. Rissell, 37 Pa. 164; Heath v. Page, 63 Pa. 108. In the 7th assignment of error the appellant complains of the language used by the court in sustaining an objection made by him. The ruling was in his favor and an exception was taken by the plaintiff. As the defendant did not take any exception to the language of the court in making the ruling he cannot assign it for error. The exceptions to the charge of the court are without merit. The instructions of the learned court upon the law are full, adequate and correct. They are to the effect that a conspiracy to defraud may be effected by the giving of a written obligation even though the original obligor was not a party to the conspiracy. That is to say an obligation may be given in good faith by the obligor and a conspiracy entered into to use this obligation for a wrongful purpose. This is as much a conspiracy on their part as it would have been had the maker of the obligation been a party to it. These instructions are manifestly given to cover this phase of the case. If these notes were given by Bloom without intending to defraud or cheat his creditors and the goods purchased by him in good faith and the misrepresentations as to his financial standing, so as to obtain credit, made with the expectation of being able to pay for the goods procured by reason of them, yet if he was induced to do these acts by the importunities and persuasions of H. Cohn and M. Cohn and Dietz for the purpose of enabling them to get possession not only of the residue of the old stock sold to him but the new goods purchased by him, it was as much a conspiracy on their part to defraud Bloom's creditors by reason of the judgment held by M. Cohn as if Bloom had been a party to it, and if satisfactorily established by proof would avoid the judgment of M. Cohn as effectually in one case as in the other. There was therefore no error in the parts of the charge of the court assigned. This consideration of the law and our determination of it disposes of all the assignments of error.

Judgment affirmed.